IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04881-PAB

HUAIRA GRIJALBA CARRILLO,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center,
DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security,
TODD BLANCHE, Attorney General of the U.S.,
GEORGE VALDEZ, ICE Denver Field Office Director,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Huaira Grijalba Carrillo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] and Emergency Motion for Temporary Restraining Order And/Or Preliminary Injunction [Docket No. 2]. Respondents filed a response [Docket No. 7] and Petitioner has filed a reply [Docket No. 8].

## I. BACKGROUND[1]

Petitioner is a citizen of Spain who entered the United States in June 2025 after being admitted as a nonimmigrant visitor under the Visa Waiver Program ("VWP") pursuant to 8 U.S.C. § 1187. Docket No. 1 at 6, ¶¶ 29, 30. He had authorization to stay

---

[1] The following facts are taken from the habeas petition. Docket No. 1. Respondents do not dispute any facts and do not provide any facts of their own. *See generally* Docket No. 7.

until September 3, 2025. *Id.* On September 25, 2026, Immigration and Customs Enforcement ("ICE") detained petitioner at the Denver airport. *Id.*, ¶ 31. ICE "did not have an administrative arrest warrant (Form I-200), and merely verbally stated that they did." *Id.* at 2, ¶ 4. ICE also did not conduct any individualized assessment of flight risk or provide petitioner with any basis for his warrantless arrest. *Id.* at 6, ¶¶ 31, 33. Petitioner is currently in detention at the Aurora ICE Processing Center. *Id.*, ¶ 32.

On September 30, 2026, petitioner filed a petition for writ of habeas corpus, explaining that that he has been unable to request a bond hearing or challenge his detention in immigration court because precedent interpreting the provisions of 8 U.S.C. § 1187(c)(2)(E) from the Board of Immigration Appeals ("BIA") held "that noncitizens who were admitted under the VWP are 'not entitled to a custody hearing' unless they have been served with a Form I-862, Notice to Appear pursuant to 8 U.S.C. § 1229a." *Id.* at 2-3, ¶ 8. He asserts that 8 U.S.C. § 1187(c)(2)(E) does not provide ICE with the authority to detain him, such that his detention falls under 8 U.S.C. § 1226(a). *See id.* at 9-10, ¶¶ 43, 45. Among other claims, petitioner argues that he was unlawfully arrested without a warrant. *Id.* at 2, 7, 8, 12-15, ¶¶ 6, 35, 39, 54, 61-62.

On October 13, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Petition." Docket No. 7 at 1-2. Respondents noted that, if the Petition is granted, the appropriate relief would be an order directing them to release the petitioner from detention. *Id.* at 2. Petitioner replied, arguing that he is entitled to relief because the respondents conceded each argument. Docket No. 8 at 1-2.

## II. ANALYSIS

Under the VWP, visitors from certain countries may be admitted to the United States as nonimmigrants for ninety days without obtaining a nonimmigrant visa. 8 U.S.C. § 1187; *see Itaeva v. INS*, 314 F.3d 1238, 1239 (10th Cir. 2003). Generally, a person admitted as a VWP waives certain rights, including the ability "to contest, other than on the basis of an application for asylum, any action for removal of the alien." 8 U.S.C. § 1187(b)(2). When persons overstay their admission under the VWP, the governing regulations allow for removal pursuant to an administrative removal order. *See* 8 C.F.R. § 217.4(b). Petitioner seems to allege that no administrative removal order has been entered against him, which respondents do not contest. Docket No. 1 at 11-12, ¶ 51 ("Respondents have not made a decision on whether to start [8 U.S.C. § ]1229a proceedings, or to refer Petitioner to asylum-only proceedings under 8 C.F.R. [§] 1208.2(c)(3)(i)."); *see generally* Docket No. 7.

### A. <u>Statute Governing Petitioner's Detention</u>

Petitioner first argues that his present detention is governed by § 1226(a), rather than § 1187(c)(2)(E). In *Matter of A-W-*, 25 I. & N. Dec 45, 47-48 (BIA 2009), the BIA stated that the statutory authority for detaining a VWP violator was § 1187(c)(2)(E), not § 1226(a). Paragraph (2) of subsection (c) of § 1187 lists the various requirements for each country to be included in the VWP. Subparagraph (E) provides:

> Repatriation of aliens. The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to

> compel the release, removal, or consideration for release or removal of any alien

8 U.S.C. § 1187(c)(2)(E). Based on this language, federal courts have consistently held that § 1187 does not authorize the detention of persons admitted under the VWP. *See Parraguez v. Immigr. Customs Enf't*, 2026 WL 2948724, at *2 (D. Kan. Oct. 1, 2026) (collecting cases). Unlike § 1226(a), which explicitly states that the government may detain or release a noncitizen on bond, nothing in § 1187(c)(2)(E) discusses or contemplates the detention of persons admitted under the VWP. *Compare* 8 U.S.C. § 1226(a), *with* 8 U.S.C. § 1187(c)(2)(E). Accordingly, the Court agrees that § 1187(c)(2)(E) does not authorize Petitioner's current detention.

Further, although discussing the proper application of 8 U.S.C. § 1225(b)(2)(A), in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237, 1249 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) generally governs the detention of "noncitizens who entered the United States and were thereafter detained in the interior of the country." Because Petitioner is a noncitizen who entered the United States and was detained at the Denver airport—in the interior of the United States—the Court finds that Petitioner's current detention is governed by § 1226(a). Docket No. 1 at 6, ¶¶ 29, 31. Respondents have also waived any argument otherwise, as they offer no argument to the contrary. *See Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument.").

### B. <u>Warrantless Arrest Under § 1226(a)</u>

Section 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be

removed from the United States."[2] 8 U.S.C. § 1226(a) (emphasis added). Petitioner alleges that he was arrested without a warrant. Docket No. 1 at 2, 6, ¶¶ 4, 6, 31. While petitioner alleged that the ICE officers "verbally stated" that they had a warrant when arresting him, he was not served with an I-200 warrant "at or after his arrest." *Id.* at 13 n.1. Respondents do not contest that petitioner was arrested without a warrant. *See generally* Docket No. 7. Therefore, due to respondents' failure to contest that petitioner was arrested without a warrant, the Court finds that petitioner was arrested without a warrant.

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,

---

[2] The type of warrant issued by immigration officers is known as Form I-200. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 7. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner, and petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without

a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted sub nom.*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.[3]

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Huaira Grijalba Carrillo's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that petitioner Huaira Grijalba Carrillo's Emergency Motion for Temporary Restraining Order And/Or Preliminary Injunction [Docket No. 2] be **DENIED as moot**. It is further

---

[3] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's other claims for relief. Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. Docket No. 1 at 19; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). But this District's Local Rules require that those requests be made by separate motion. *See* D.C.Colo.LCivR 54.3. A fee award is thus inappropriate at this juncture.

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED October 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge